UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EMMETT AVITT, | No. 2:24-cv-1783 WBS AC P |
| Petitioner, | |
| v. | ORDER |
| GENA JONES, | |
| Respondent. | |

Petitioner requests this action be stayed on the grounds that he is suffering from dementia or Alzheimer's disease. ECF No. 22. The requested duration for the stay appears to be indefinite. Id. at 2.

Petitioner's request will be denied without prejudice because the mere claim that petitioner suffers from these conditions is not enough to establish circumstances warranting an indefinite stay. See Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir.2000) ("If a stay is especially long or its term is indefinite, a greater showing is required to justify it."). If petitioner chooses to file another motion for stay, he should specify how his conditions prevent him from proceeding at this point in time, specify for how long such condition may be expected to prevent petitioner from proceeding, and provide medical documentation supporting his claimed impairments.

Petitioner may also, or alternatively, seek the appointment of counsel. Although there currently exists no absolute right to appointment of counsel in habeas proceedings, see Nevius v.

1

Sumner, 105 F.3d 453, 460 (9th Cir. 1996), 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. If petitioner chooses to file a motion for appointment of counsel, he should specify how his conditions prevent him from proceeding without assistance and provide medical documentation supporting his claimed impairments.

Lastly, to the extent the motion seeks to permit Richard Louis Arnold Phillips, a non-attorney, to represent plaintiff, such request is denied. See Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself") (internal quotations and citation omitted); see also Jorss v. Schwarzenegger, 168 F. App'x 825, 826 (9th Cir. 2006) (finding the district court properly dismissed the complaint because the pro se prisoner plaintiff could not represent others). Because Mr. Phillips is neither the petitioner nor an attorney who can represent petitioner, Mr. Phillips shall refrain from filing documents in this action. If plaintiff needs assistance in gathering documentation and submitting them to the court, Mr. Phillips or another inmate may assist in that manner.

Accordingly, IT IS HEREBY ORDERED that the motion to stay (ECF No. 22) is denied without prejudice.

DATED: April 10, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE