1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHARLES EMMETT AVITT,                    No.  2:24-cv-1783 WBS AC P

12                    Petitioner,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14    GENA JONES,

15                    Respondent.

16

17          Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.  In the instant petition, petitioner challenges his 1992

19    conviction for first degree murder with special circumstance in San Joaquin County Superior

20    Court.  ECF No. 1 at 1.

21          Pending before the court is respondent's motion to dismiss the habeas petition as

22    successive and untimely.  ECF No. 14.  Despite two extensions of time on plaintiff's motion, and

23    a separate court order providing petitioner with an additional time to file an opposition or

24    statement of non-opposition to respondent's motion to dismiss, see ECF Nos. 17, 19, 21,

25    petitioner has failed to do so.  Based on the review of the motion to dismiss, the court

26    recommends respondent's motion be granted and the habeas petition be dismissed.

27          Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief

28    may not be filed in district court without prior authorization by the court of appeals.  Felker v.

                                             1

1    Turpin, 518 U.S. 651, 657 (1996).  Prior authorization is a jurisdictional requisite.  Burton v.

2    Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)

3    (once district court has recognized a petition as second or successive pursuant to § 2244(b), it

4    lacks jurisdiction to consider the merits).  A petition is successive within the meaning of 28

5    U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal

6    court's previous resolution of a claim *on the merits*."  Gonzalez v. Crosby, 545 U.S. 524, 532

7    (2005) (emphasis in original).  "[A] 'claim' as used in § 2244(b) is an asserted federal basis for

8    relief from a state court's judgment of conviction."  Id. at 530.  "Even if a petitioner can

9    demonstrate that he qualifies for one of [the] exceptions [to filing a second or successive

10   petition], he must seek authorization from the court of appeals before filing his new petition with

11   the district court."  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C.

12   § 2244(b)(3)).

13          The court's records reflect that petitioner has previously filed an application for a writ of

14   habeas corpus attacking the conviction and sentence that are challenged in this case.  The

15   previous application was filed by the Clerk of the Court on April 23, 1997, and dismissed on the

16   merits on March 15, 2001.  Avitt v. Hubbard, No. 2:97-cv-0717 LKK PAN (E.D. Cal.) ("Avitt

17   I"), ECF Nos. 1, 31, 34.[1]  The Ninth Circuit Court of Appeals, in Avitt v. Hubbard, No. 01-16115,

18   affirmed the district court's dismissal.  Avitt I, ECF No. 42.  Because the present petition is

19   second or successive, before petitioner can proceed on his claims, he must submit a request to the

20   United States Court of Appeals for the Ninth Circuit to issue an order authorizing the district

21   court to consider the application and that request must be granted.  28 U.S.C. § 2244(b)(3).

22   Petitioner has not provided any evidence that he has received the required authorization.  The

23   court therefore lacks jurisdiction to consider challenges to petitioner's 1992 conviction and the

24   petition should be dismissed.[2]

25   ////

26   _____

27   [1]  court takes judicial notice of the record in Avitt I.  United States v. Wilson, 631 F.2d 118, 119
     (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

28   [2]  Because respondent's first argument resolves the case, the court need not address the issue of
     untimeliness.

2

1    Accordingly, IT IS RECOMMENDED that respondent's motion to dismiss (ECF No. 14)

2  be GRANTED, and this action be dismissed without prejudice as second or successive.

3    These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

5  after being served with these findings and recommendations, petitioner may file written

6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

7  Findings and Recommendations."  If petitioner files objections, he shall also address whether a

8  certificate of appealability should issue and, if so, why and as to which issues.  <u>See</u> 28 U.S.C.

9  § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time may

10  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

11  1991).

12    If petitioner files objections, he may also address whether a certificate of appealability

13  should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules

14  Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it

15  enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the

16  applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

17  § 2253(c)(2).

18  DATED: May 27, 2025

19    _____

20    ALLISON CLAIRE
      UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28